UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-21453-CIV-COOKE/BROWN
CASE NO.: 06-20119-CIV-COOKE/BROWN

SHIPCO TRANSPORT, INC.

      Plaintiff,

v.

CYCLO INDUSTRIES, LLC,
HEMISPHERE FOODS, LLC,
and USA USED CLOTHING, INC.

      Defendants.

_____/

**ORDER DENYING DEFENDANT CYCLO INDUSTRIES, LLC'S MOTION TO DIMISS
AND MOTION TO TRANSFER VENUE**

**THIS CAUSE** is before the Court upon Defendant Cyclo Industries, LLC's Motion to

Dismiss and Motion to Transfer Venue (DE 7), filed February 6, 2006.  The Court having

reviewed the Motion and being otherwise fully advised in the premises finds that the Motion

should be denied.

**I.**    **BACKGROUND**

This case has a complicated procedural and factual background as it involves two related

but separate actions which have been consolidated.  The Court, therefore, will attempt to

summarize the factual backgrounds of each of the separate actions.

**A.**    **THE FIRST ACTION (CASE NUMBER 05-CIV-21453)**

The first action, case number 05-CIV-21453, was filed on May 31, 2005.  Plaintiff Shipco

Transport, Inc. ("Shipco") brought this first action against J&S Universal Services, Inc., Aegis

-1-

Security Insurance, and Great American Insurance Company.  According to Shipco, it served as a carrier while J&S Universal Services, Inc. ("J&S") functioned as an intermediary between certain shippers and Shipco (the carrier).  In this action, Shipco alleges that it delivered goods to certain ports of destination on behalf of the shippers. Shipco further alleges that the agreed charges for transportation of the goods were to be paid by J&S pursuant to Shipco's tariff and contract of affreightment.  Shipco avers that it performed all duties and obligations under the agreement but J&S failed and refused to remit payment of $110,730.04 in ocean freight and related charges assessed in accordance with Shipco's applicable tariff and contract of affreightment.  Shipco alleges that it credited the amount of $20,920.51 to J&S which were allegedly paid to Shipco by J&S's shippers on the applicable bills of lading.  Thus, according to Shipco, there remained a balance due of $89,789.53.  Shipco named Aegis Security Insurance Company and Great American Insurance Company as defendants in the first action because they allegedly issued surety bonds for J&S.

In this action, J&S did not answer or otherwise respond to the Complaint.  Consequently, a Clerk's Default was entered against J&S on August 15, 2005.  On October 18, 2005, the Court entered Default Judgment, in the amount of $83,948.81, against J&S.  Thereafter, this Court issued several Writs of Garnishment against banks which purportedly held funds on behalf of J&S.  To date, approximately $69,816.09 of the default judgment has been satisfied.

### B.    THE SECOND ACTION (CASE NUMBER 06-CIV-20119)

The second action, case number 06-CIV-20119, was filed on January 18, 2006.  This action was brought by Shipco against Cyclo Industries, LLC, Hemisphere Foods, LLC, and USA Used Clothing, Inc.  In the second action, Shipco alleges that Defendants Cyclo Industries, LLC

("Cyclo"), Hemisphere Foods, LLC, and USA Used Clothing, Inc. were the shippers who arranged for the shipment of goods, through the freight forwarder J&S, in the first action. Specifically, Shipco alleges that the Defendants Cyclo Industries, LLC ("Cyclo"), Hemisphere Foods, LLC, and USA Used Clothing, Inc. (collectively the "Shippers") delivered goods for carriage by Shipco to certain ports of destination.[1]  Shipco further avers that the agreed charges for transportation of the goods were to be paid by the Shippers pursuant to Shipco's tariff and contract of affreightment.  Shipco alleges that it performed all its duties and obligations under the agreement but the Shippers failed and refused to remit payment in accordance with Shipco's applicable tariff and contract of affreightment.

When initially filed the second action was assigned to the calendar of the Honorable James Lawrence King, however, this action was transferred to the undersigned's calendar on March 13, 2006.  Thereafter, on April 12, 2006, the second action was consolidated with the first filed action which as the lower case number became the lead case.

## II.    PROCEDURAL HISTORY

Defendant Cyclo filed its Motion to Dismiss on February 6, 2006.  Shipco filed its opposition on February 27, 2006.  On March 6, 2006, Cyclo filed its reply.  Thus, Cyclo's Motion to Dismiss is ripe for adjudication.

## III.    STANDARD GOVERNING 12(B)(6): FAILURE TO STATE A CLAIM

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled

---

[1]Shipco dismissed Hemisphere Foods, LLC from this action on April 21, 2006.  See DE 22.

-3-

to relief under any state of facts which could be proven in support of his claim." <u>Solis-Ramirez v. U.S. Dept. of Justice</u>, 758 F.2d 1426, 1429 (11th Cir. 1985) (<u>citing</u> <u>Holt Civic Club v. City of Tuscaloosa</u>, 439 U.S. 60, 65-66 (1978)). <u>See</u> <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993). A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir.1993). However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47-48 (1957).

## IV. ANALYSIS

In its Motion, Cyclo contends that this action should be dismissed because: (1) Shipco failed to state a claim; (2) Shipco failed to join necessary Parties; and (3) venue is improper. The Court shall address each of these contentions below.

### A. CYCLO CAN BE HELD LIABLE FOR THE FREIGHT CHARGES

Cyclo argues that this action should be dismissed because it cannot be held liable for payment of the freight charges. Specifically, Cyclo contends that the Bills of Lading are marked "freight prepaid" which indicates that Cyclo already paid the freight charges to the freight forwarder J&S. Cyclo further contends that it was J&S that failed to transmit payment to Shipco, therefore, Cyclo cannot be held liable for the amount due to Shipco. To support this contention, Cyclo relies upon <u>Compania Sud Americana De Vapores v. Atlantic Caribbean Shipping Co.</u>,

587 F.Supp. 410 (S.D. Fla. 1984) and <u>Mediterranean Shipping Co. V. Elof Hansson, Inc.</u>, 693

F.Supp. 80 (S.D. N.Y. 1988).

      In <u>Atlantic Caribbean Shipping Co.</u>, the court held that a shipper was not liable to a

carrier where the shipper paid the freight tariff to the freight forwarder but the freight forwarder

failed to pay the carrier the amount due.  <u>Atlantic Caribbean Shipping Co.</u>, 587 F.Supp at 412-13.

Similarly, in <u>Elof Hansson, Inc.</u> the Southern District of New York held that a carrier was

estopped from recovering freight charges from a shipper where the shipper relied upon bills of

lading which were marked "freight prepaid" when it paid the freight forwarder all freight charges

due under the bills of lading but the freight forwarder failed to remit payment to the carrier.  <u>Elof</u>

<u>Hansson, Inc.</u>, 693 F.Supp. at 84-86.  At first glance, these cases seem to support Cyclo's

position, however, these cases pre-date <u>National Shipping Company of Saudi Arabia v. Omni</u>

<u>Lines, Inc.</u>, 106 F.3d 1544 (11th Cir. 1997).

      In <u>Omni Lines, Inc.</u>, the Eleventh Circuit held that in the absence of any demonstrated

local custom, a "freight prepaid" notation does not relieve the shipper of its liability to the carrier

for the freight charge even though the shipper paid the freight forwarder in full, unless the

shipper can demonstrate that the carrier released it from liability.  In reaching this conclusion, the

Eleventh Circuit explicitly rejected the line of cases which hold that the doctrine of equitable

estoppel precludes carriers from recovering freight charges where the shippers were justified in

believing that the carriers had been paid for their services.  <u>Id</u>. at 1546-47.  Furthermore, the

Eleventh Circuit stated:

        Upon consideration, we believe that the [<u>Strachan Shipping Co. v. Dresser Indus.,</u>
        <u>Inc.</u>, 701 F.2d 483 (5th Cir. 1983)] approach-the shipper is liable unless released
        by the carrier-is the best rule.  The district court relieved Omni of liability because

> it found that NSCSA, by using the words 'freight prepaid,' extended credit to Exchange, not to Omni.  We hold that this conclusion was error because, although an extension of credit from the carrier to the shipper is one way to make the shipper liable, it is not the only way.  After all, the bill of lading is a contract between the carrier and the shipper and the carrier has a contractual right to expect payment pursuant to that bill.  Should the shipper wish to avoid liability for double payment, it must take precaution to deal with a reputable freight forwarder or contract with the carrier to secure its release.

Id.  Cyclo attempts to avoid Omni Lines, Inc.'s holding by arguing that while it is applicable in cases involving an ocean carrier it is not applicable in cases involving a non vessel operating common carrier — the type of carrier Shipco alleges itself to be.  Therefore, according to Cyclo, Omni Lines, Inc. is not applicable to the present action.  However, the Omni Lines, Inc. opinion does not discuss a distinction between ocean carriers and non vessel operating common carriers.  Consequently, there is no basis to conclude that the Eleventh Circuit intended the Omni Lines, Inc. decision to be limited to ocean carriers.  Furthermore, Cyclo has failed to present any caselaw or authority to support its limited interpretation of the Omni Lines, Inc. decision.  Consequently, the Court is unwilling to conclude that the Omni Lines, Inc. holding does not apply to non vessel common carriers.  The Court, therefore, finds that Shipco has stated a claim for relief against Cyclo.

## B.   CYCLO'S JOINDER ARGUMENT IS MOOT

Next, Cyclo argues that this action should be dismissed because Shipco failed to join J&S, Aegis Security Insurance Company, and Great American Insurance Company.  However, given that the present action (case number 06-20119) was consolidated with the action Shipco brought against J&S, Aegis Security Insurance Company, and Great American Insurance Company Cyclo's joinder argument is now moot.  Therefore, Cyclo's argument for dismissal

based upon Shipco's failure to join necessary parties is unavailing.

### C.   TRANSFER OF THIS ACTION WOULD BE IMPROPER

Finally, Cyclo suggests that venue may be improper in this action.  Cyclo contends that in the Bill of Lading there is a forum selection clause which dictates that the Southern District of New York is the proper venue for this action.  Notably, Cyclo did not provide this Court with a copy of the Bill of Lading nor did it cite to or quote from the relevant provisions of the Bill of Lading.  Furthermore, Cyclo failed to cite to any caselaw or other authority to support its contention that venue may be improper in this action.  Cyclo's failure to provide the Court with a copy of the Bill of Lading and its failure to cite any caselaw to support its argument unnecessarily burdens the Court with the additional tasks of conducting independent research to find a basis for its argument.  Counsel for Cyclo is therefore is advised that in the future he must provide the Court with the actual contract which purportedly contains a forum selection clause if he intends to assert an improper venue argument based upon such a clause.  Moreover, Cyclo's Counsel is reminded that it is Counsel's responsibility to adequately support a motion to dismiss.  Thus, Counsel must provide the Court with caselaw or other legal authority — beyond Counsel's conclusory legal conjectures — to support his argument.

The Eleventh Circuit has established that motions to dismiss premised upon choice of forum and/or choice of law clauses are properly brought pursuant to 12(b)(3) of the Federal Rules of Civil Procedure as motions to dismiss for improper venue.  Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998) cert. denied 525 U.S. 1093.  Therefore, this Court will consider Defendants' forum selection clause arguments under a 12(b)(3) improper venue analysis.  In considering a motion to dismiss for improper venue, "the court may consider matters

outside the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'" <u>Wai v. Rainbow Holdings</u>, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004) (<u>quoting</u> <u>Webster v. Royal Caribbean Cruises, Ltd.</u>, 124 F.Supp.2d 1317, 1320 (S.D. Fla. 2000)). On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper. <u>Wai</u>, 315 F.Supp.2d at 1268. The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. <u>Id</u>. Finally, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. <u>Id</u>.

It is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated. <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 12-14 (1972). The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. <u>P & S Business Machines, Inc., v. Canon USA, Inc.</u>, 331 F.3d 804, 807 (11th Cir.2003) (<u>citing</u> <u>In re Ricoh Corp.</u>, 870 F.2d 570, 573-74 (11th Cir. 1989)). Thus, a forum selection clause should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching. <u>See</u> <u>In re Ricoh Corp.</u>, 870 F.2d at 573-74.

Shipco provided this Court with the Bill of Lading in the first action (case number 05-21453). As a result, this Court was able to review the Bill of Lading and its forum selection provisions. The provision in question states the following:

> The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of the United States. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach

of contract, tort or otherwise shall be brought before the United States District
Court for the Southern District of New York

Bill of Lading at p. 11.  Thus, it appears that the forum selection clause dictates that this action

should have been brought in the Southern District of New York.  Shipco, however, argues that

the action should remain before this Court because most of the witnesses are located in the

Southern District of Florida, all the documents were generated in the Southern District of Florida,

and the only known location for Cyclo is in Jupiter, Florida.  See Jensen Aff.  In its reply, Cyclo

does not challenge Shipco's assertions concerning Cyclo's place of business or the location of

witnesses and documents.  Instead, Cyclo states "[l]astly and with respect to the venue concerns

raised in Defendant's initial Motion, Plaintiff attaches an Affidavit which it filed in the parallel

case listed above.  Again and to preserve any future argument concerning waiver, Plaintiff in the

present action has not attached complete or legible copies containing the full terms of the Bills of

Lading.  Accordingly, in this litigation, there may exist improper venue."  Reply at 3.  Cyclo's

argument, however, does not address any of the substantive arguments raised by Shipco.

Additionally, given that this action has been consolidated with a previous action — where the

Court has already entered a default judgment — transferring this matter at this juncture would be

improper.  Therefore, the Court declines Cyclo's half-hearted request to transfer this action to the

Southern District of New York.

      For the reasons set forth above, it is hereby

      **ORDERED AND ADJUDGED** that Defendant Cyclo Industries, LLC's Motion to

Dismiss and Motion to Transfer Venue (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2007.

MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*

-10-